# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. HALEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV613-057 |
| | ) | CR611-004 |
| UNITED STATES | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Christopher L. Haley moves for 28 U.S.C. § 2255 relief. CR611-004 doc. 45.[1] Upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), his motion must be denied. Some background: A grand jury indicted him

> on two counts of passing counterfeit checks of a company whose activities affect interstate or foreign commerce, in violation of 18 U.S.C. § 513(a).[2] The charges stemmed from Mr. Haley's participation in a scheme, operated in and around Atlanta, Georgia, in 2010 to cash fraudulent checks at various banks. The organizers

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] "In order to establish a violation of Section 513(a), the government must prove that the defendants (1) made, uttered, or possessed (2) a counterfeit security (3) of an organization (4) with intent to deceive another person, organization, or government." *United States v. Chappell*, 6 F.3d 1095 (5th Cir. 1993)." *Smith v. United States*, 2008 WL 5396468 at * 4 (N.D. Miss. Dec. 23, 2008).

of the scheme recruited homeless or unemployed individuals who had valid photo identification to present the fraudulent checks at the banks. In exchange for turning over the proceeds of the checks to the organizers, the individuals were placed in a hotel overnight, were provided drugs, alcohol food, and prostitutes, and were given a small portion of the proceeds received. Mr. Haley was one of those homeless individuals recruited to cash fraudulent checks.

*United States v. Haley*, 488 F. App'x 437, 438 (11th Cir. 2012) (footnote added). "Count 1 charged Mr. Haley with passing a counterfeit check in the amount of $2,347 and Count 2 charged him with passing a counterfeit check in the amount of $1,864. Mr. Haley pled guilty to Count 2 of the indictment, and Count 1 was dismissed by the government." *Id.* The *Haley* court rejected his one issue on appeal -- that his ensuing, 48-month sentence was unreasonable. *Id.* at 440.

In his § 2255 motion here, Haley raises an actual innocence ground -- he "admits that he used a counterfeit check" (doc. 45 at 4) but insists it was drawn on a corporate account that "does not affect interstate commerce." *Id.* He is correct that interstate commerce figures into his crime. "An effect on interstate commerce is required for Congress to have authority under the Commerce Clause to forbid certain conduct. *See United States v. Lopez*, 514 U.S. 549, 562, 115 S. Ct. 1624, 1631, 131 L.Ed.2d 626 (1995) (discussing the need for express jurisdictional

elements in federal statutes)." *United States v. Torres*, 2013 WL 28381 at * 3 (11th Cir. Jan. 3, 2013). But, he pled guilty, and he does not challenge the validity of that plea. Docs. 30 & 32.

> Generally, when a defendant pleads guilty, he waives all non jurisdictional challenges to a conviction, including a double jeopardy challenge. *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008). A defendant does not waive the challenge where, on the basis of the record at the time of the guilty plea, the claim, on its face, is one that the government cannot constitutionally prosecute. *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009).

*United States v. Cowart*, 2013 WL 411345 at * 2 (11th Cir. Feb. 4, 2013); *see also United States v. Koumbairia*, 501 F. App'x. 1, 3 (D.C. Cir. 2013) (defendant waived his claim that government's pre-indictment delay violated his due process rights by entering guilty plea).

Furthermore, Haley's insistence that the government failed to show that the check he used affected interstate commerce gets him nowhere, because the interstate-commerce element goes not to jurisdiction but to the sufficiency of the evidence. *Torres*, 2013 WL 28381 at * 3. And since that is not a jurisdictional element, then it "was waived with his guilty plea." *Id.* It follows that Haley's ineffective

assistance claim against his lawyer[3] -- for failing to litigate that defense -- must likewise fail. He raises no other claims.

Accordingly, Christopher L. Haley's 28 U.S.C. § 2255 motion must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 29th day of May, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984), created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.* Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. Here, Haley's IAC claim fails because his lawyer did not perform deficiently.